UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODYLAIDI MARTINEZ RODRIGUEZ
(A-208-165-222),

                        Petitioner,

        v.

WARDEN, CENTRAL VALLEY
ANNEX, et al,

                        Respondents.

No.  1:26-cv-3681 DC CSK

FINDINGS & RECOMMENDATIONS

Petitioner Rodylaidi Martinez Rodriguez (A-208-165-222), an immigration detainee proceeding without counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241.  As discussed below, this Court recommends that his habeas petition be dismissed.

I.      FACTUAL BACKGROUND[1]

        Petitioner is a 31 year old citizen and native of Cuba.  (ECF No. 1 at 1.)  In 2024, petitioner entered the United States and was processed by U.S. Customs and Border Protection. (Id.)  On May 1, 2024, petitioner was paroled into the United States pending adjustment of status for a period of two years.  (ECF No. 6-1 at 2 (Form I-213).)

[1]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 10.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Petitioner also submitted a separate declaration.  (ECF No. 1 at 11-15.)

1

Petitioner claims he has not been convicted of any crime.  (ECF No. 1 at 5.)  On June 11, 2025, a complaint/arrest affidavit was issued against petitioner, charging him with felony false or fraudulent insurance claims, second degree, in violation of Florida Statute § 817.234(1), and felony grand theft, third degree, in violation of Florida Statute § 812.014(2)(c).  (ECF No. 6-1 at 12; 6-2 at 1.)  Respondents do not deny that petitioner has no criminal convictions, but contend the grand theft charge is still pending.[2]

On June 12, 2025, an immigration detainer was issued for petitioner stating he is subject to detention under the Laken Riley Act.  (ECF No. 6-1 at 6 (citing 8 U.S.C. § 1226(c)(3)).)  On June 12, 2025, an immigration warrant for petitioner's arrest was signed, but not served on petitioner until March 26, 2026.  (Id. at 5.)  On March 26, 2026, petitioner was detained by the Department of Homeland Security ("DHS").  (ECF No. 1 at 1.)

Petitioner was not provided a pre-detention hearing, and has not been provided a post-deprivation individualized hearing.  (ECF No. 1 at 2, 6.)  Petitioner has been in continuous detention since March 26, 2026.  (Id. at 1.)

## II.    PROCEDURAL BACKGROUND

On May 13, 2026, petitioner filed the petition for writ of habeas corpus and a motion for temporary restraining order.  (ECF Nos. 1, 2.)  On May 15, 2026, respondents timely filed an opposition to the motion for temporary restraining order, and to the habeas petition.  (ECF No. 6.)  On June 1, 2026, petitioner filed a reply.  (ECF No. 7.)  On June 5, 2026, the district court denied the motion for temporary restraining order, holding that petitioner "has not demonstrated a likelihood of success on the merits of his claim that his immigration detention violates his statutory or constitutional rights."  (ECF No. 8.)  The district court referred the habeas petition to

---

[2]  Respondents state that petitioner was accepted into a pretrial diversion program, and the case was taken off calendar shortly thereafter, referring to their exhibit 2 at 16-17.  (ECF No. 6 at 2.)  However, respondents' exhibit 2, which is an unofficial copy of the June 2025 complaint/arrest affidavit, only has 15 pages.  (ECF No. 6-2.)  Respondents' exhibit 1 at 16-17 is a copy of the May 2024 Notice to Appear.  (ECF No. 6-1 at 16-17.)  On the other hand, petitioner acknowledges he "was accused of insurance-related fraud connected to a claim for medical or payment purposes" (ECF No. 1 at 11-12), but he did not address the status of this criminal case in either his petition or his reply (ECF Nos. 1, 7, passim).

the undersigned.  (ECF No. 11.)  Briefing is complete.

### III.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.     DISCUSSION

Petitioner challenges his continued and prolonged detention based on violation of the following:  (1) the Immigration and Nationality Act ("INA"); (2) the Fifth Amendment procedural due process clause; and (3) the Eighth Amendment right to medical care and humane treatment.  (ECF No. 1 at 8-9.)  Respondents argue that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E) because the pending grand theft charge under Florida Statute 812.014(2)(c) renders him inadmissible and removable.  (ECF No. 6 at 2-3.)  Respondents further argue that this Court should find that because petitioner failed to seek a Joseph hearing in immigration court, petitioner failed to exhaust his administrative remedies and petitioner's claim challenging his mandatory detention should be dismissed.  (Id. at 3 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999).)  Finally, respondents argue that petitioner's detention is not prolonged because at the time of their filing, petitioner had been detained less than two months.  (Id. at 4.)

#### A.     Statutory Claim (Claim One)

In analyzing petitioner's challenge to his detention, the court "must first identify the

3

statutory provision that purports to confer" authority for his detention.  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original).  In January 2025, the Laken Riley Act amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"  8 U.S.C. § 1226(c)(1)(E)(i), (ii).  For purposes of these findings and recommendations, this Court assumes that petitioner is detained pursuant to § 1226(c)(1)(E)(ii) based on his June 11, 2025 arrest for felony grand theft.[3]  Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

Respondents also argue that petitioner failed to exhaust administrative remedies as to this claim.  (ECF No. 6 at 3.)

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not

---

[3] As previously noted, the record does not reflect the outcome of petitioner's June 11, 2025 arrest for grand theft, but petitioner does not rebut respondents' claim that the charge remains pending. Nevertheless, it is the arrest that triggers petitioner's mandatory detention under the Laken Riley Act.

jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies.  See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending).  At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."  See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)).  The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision.  Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process.  Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d

1157, 1161 (9th Cir. 2011)).  Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case.  (See ECF No. 7.)  Therefore, this Court finds that petitioner's statutory claim challenging his mandatory detention should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

### B.    Prolonged Detention

For purposes of analyzing petitioner's prolonged detention claim, this Court assumes that petitioner is detained pursuant to § 1226(c).  While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)).  "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'"  Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)).  "[E]ssentially all

6

district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). At the time petitioner filed his petition, petitioner had been detained less than two months. In addition, at the time these findings and recommendations are filed, petitioner has been detained for approximately three months.

Because petitioner has been detained less than six months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than six

7

months.  See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest);  Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Because petitioner has not demonstrated a liberty interest based on his detention, the petition for writ of habeas corpus should be dismissed.  See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

**C.      Petitioner's Other Claim for Relief (Claim Three)**

Because petitioner has not exhausted his remedies as to his statutory claim, and is not entitled to relief on his due process claim, the Court does not address petitioner's third claim.

**V.    CONCLUSION**

Accordingly, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of the Court be directed to close this case and enter judgment for respondents.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties

8

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mart3681.FTE.2241.imm