UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODYLAIDI MARTINEZ RODRIGUEZ (A-244-513-087),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br>Respondents. | No. 1:26-cv-03681-DC-CSK (HC)<br><br>AMENDED[1] ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART HABEAS PETITION<br><br>(Doc. Nos. 1, 9, 11, 12, 15) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Doc. No. 9.) On July 1, 2026, Petitioner filed objections to the findings and recommendations. (Doc. No. 10.) Respondents did not file a reply to those objections.

[1] On October 5, 2026, Respondents filed a motion for modification of the court's October 2, 2026 order, because Petitioner's A-number is incorrect in that initial order. (Doc. No. 15.) The court will grant Respondents' motion (Doc. No. 15), and hereby issues this amended order to correct that error.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds Petitioner's objections to be well taken, and the court will decline to adopt the findings and recommendations.

In the findings and recommendations, the magistrate judge recommended that the court dismiss Petitioner's habeas petition because Petitioner was possibly subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) due to his arrest for felony grand theft. (Doc. No. 9 at 4.) Under § 1226(c)(1)(E), any inadmissible noncitizen who is "charged with, is arrested for, . . . or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting," is subject to mandatory detention pending removal proceedings. 8 U.S.C. § 1226(c)(1)(E). The magistrate judge noted that, at the time of issuance of the findings and recommendations, Petitioner's June 11, 2025 charge for grand theft remained pending. (Doc. No. 9 at 4 n.3.) The magistrate judge further found that Petitioner did not challenge his detention under § 1226(c)(1)(E) in a *Joseph*[2] hearing and recommended that the court decline to waive his prudential exhaustion requirement by permitting him to challenge his detention with the pending habeas petition before doing so in a *Joseph* hearing. (*Id.* at 4–5.) The magistrate judge additionally found that Petitioner's detention had not grown unconstitutionally prolonged as, at the time of issuance, Petitioner had been detained for less than six months. (*Id.* at 7–8.)

Petitioner raises five objections as to why this court should decline to adopt the pending findings and recommendations. (Doc. No. 10.) First, Petitioner argues that the magistrate judge erred in requiring that Petitioner exhaust his administrative remedies by seeking a *Joseph* hearing to determine whether his detention was governed by § 1226(c)(1)(E). (Doc. No. 10 at 1–2.) Petitioner contends that courts "in this District and across the Ninth Circuit routinely grant habeas relief on constitutional due process grounds without first requiring petitioners to seek a *Joseph*

---

[2] In *Matter of Joseph*, 22 I. & N. 799, 1999 WL 339053 (BIA 1999), the Board of Immigration Appeals confirmed that noncitizens have the right to challenge whether their detention is mandatory under § 1226(c) before an immigration judge. At such a *Joseph* hearing the noncitizen "may avoid mandatory detention by demonstrating that he . . . was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

hearing, particularly where the government's detention authority is questionable and the detention becomes prolonged." (*Id.* at 2.) Petitioner cites several cases as supporting this proposition but none of the petitioners in those cases challenged their detention under § 1226(c), rendering their relevance to this case quite limited. Indeed, courts within this district regularly require prudential exhaustion where a noncitizen challenges his detention under § 1226(c), especially where, as here, the procedural stance of the predicate offense makes applicability of § 1226(c) unclear. *See Moreno Jimenez v. Warden, Cent. Valley Ice Processing Ctr.*, No. 1:26-cv-05820-VC, 2026 WL 2415933, at *1–2 (E.D. Cal. Aug. 18, 2026) (collecting cases). Accordingly, the court finds that the magistrate judge did not err in recommending that Petitioner be required to exhaust his administrative remedies in a *Joseph* hearing before challenging his detention under § 1226(c) in this habeas proceeding.

Second, Petitioner argues the magistrate judge erred in assuming that Petitioner was subject to mandatory detention under § 1226(c)(1)(E) because his predicate charge for felony grand theft did not result in a conviction. (Doc. No. 10 at 3.) Petitioner emphasizes that he was accepted into a pretrial diversion program such that the "criminal charge is no longer pending and has been diverted." (*Id.* at 3.) Many courts within this district have found that the constitution does not permit mandatory detention under § 1226(c) where the predicate offense has been dismissed. *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-00441-DC-JDP, 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (collecting cases). Here, however, Petitioner's charge has not been dismissed. Indeed, from the record it is unclear whether Petitioner conceded his guilt in order to receive deferred prosecution. *See* 8 U.S.C. § 1101(a)(48) (including in the definition of "conviction" in the Immigration and Nationality Act instances where "adjudication of guilt has been withheld," the noncitizen "has admitted sufficient facts to warrant a finding of guilt" and "the judge has ordered some form of punishment, penalty, or restraint on the [noncitizen's] liberty to be imposed"). Thus, as discussed above, whether Petitioner's deferred prosecution agreement for his grand theft charge subjects him to mandatory detention under § 1226(c) must be resolved in a *Joseph* hearing before an immigration judge rather than in this court. Accordingly, the court finds that the magistrate judge did not err in

assuming that Petitioner was subject to mandatory detention under § 1226(c)(1)(E).

Third, Petitioner argues that the magistrate judge "committed a fundamental error by concluding that Petitioner has no protected liberty interest simply because his current detention has lasted less than six months." (Doc. No. 10 at 4.) In the findings and recommendations, the magistrate judge emphasized that "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." (Doc. No. 9 at 6.) However, the magistrate judge emphasized that the First, Second, and Third Circuits have found that the Due Process Clause imposes a reasonableness requirement on prolonged detention under § 1226(c), and "join[ed those] other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process." (*Id.* at 7.) Despite this, the magistrate judge found that because Petitioner had been detained for less than six months at the time of issuance of the findings and recommendations, Petitioner did not yet have a protected liberty interest in freedom from detention. (*Id.*) The magistrate judge emphasized that other courts "finding protected liberty interests in freedom from detention have based their findings on detention longer than six months." (*Id.*) (collecting cases).

This court has also found that the Due Process Clause requires that noncitizens subject to prolonged mandatory detention be provided with an individualized bond hearing to justify their continued detention, but this court also has not found that such a bond hearing is required for noncitizens detained for less than six months. *See, e.g., Nasar v. Warden of Cal. City Det. Ctr.*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. March 13, 2026) (finding that due process required bond hearing for noncitizen mandatorily detained under § 1225(b)(1)(A) who had not been provided a bond hearing in nine months); *Cobis-Gamboa v. Warden, Cal. City Det. Facility*, No. 2:26-cv-00658-DC-CKD, 2026 WL 18155044 (E.D. Cal. June 23, 2026) (same as to noncitizen mandatorily detained under § 1226(c) for six months without a bond hearing).

Importantly, however, Petitioner's detention has now exceeded six months. (Doc. No. 1 at 1) (alleging that Petitioner has been detained since March 26, 2026). Thus, while the court finds that the magistrate judge did not err in finding that due process did not require a bond hearing at the time those findings and recommendations were issued, the court will find, consistent with its

prior orders, that due process requires such a hearing now that Petitioner's detention has exceeded six months. *Cobis-Gamboa*, 2026 WL 1815504 at *1 (declining to adopt findings and recommendations where "Petitioner's detention has grown unconstitutionally prolonged during the pendency of the findings and recommendations").[3]

Fourth, Petitioner argues that the magistrate judge erred in declining to consider Petitioner's third claim for relief for violation of his constitutional right to adequate medical care and humane treatment. (Doc. No. 10 at 5.) In Petitioner's third claim for relief, he alleges that he was deprived of food and water for over 48 hours during his transfer from out-of-state ICE detention facilities, and that that he has "developed an infection while in detention and has not received adequate medical attention." (Doc. No. 1 at 5.) Petitioner contends these "conditions demonstrate a deliberate indifference to Petitioner's health and safety, warranting immediate judicial intervention." (*Id.* at 9.) A habeas corpus proceeding, however, is "the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement," whereas "a civil rights action, in contrast, is the proper method of challenging 'conditions of confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citation modified). Thus, Petitioner's argument relating to the conditions of his confinement are not properly before the court in this habeas proceeding, and the magistrate judge did not err in declining to consider them.

Fifth and finally, Petitioner contends that the magistrate judge erred in dismissing the habeas petition because "[i]n cases identical or similar to Petitioner's, courts in this District and the Central District of California have uniformly rejected the government's arguments and ordered either immediate release or a prompt bond hearing where the government bears a high

---

[3] The court additionally notes that by ordering Respondents to provide Petitioner a bond hearing, Petitioner is receiving the same relief he would receive if the court were to agree with Petitioner's argument that his detention is discretionary under 8 U.S.C. § 1226(a) rather than mandatory under § 1226(c). Even assuming, *arguendo*, that Petitioner's detention is not permitted under § 1226(c), this court has found that where the Government asserts a non-pretextual basis for the petitioner's detention under § 1226(a), including interactions with law enforcement not resulting in a conviction, the proper remedy is a bond hearing, not immediate release. *See Cobis-Gamboa*, 2026 WL 1815504, at *2 (stating that where it was unclear whether the petitioner's predicate charge remained pending, "the bond hearing afforded to [the petitioner] due to his prolonged detention is the same relief he would be entitled to if his grand larceny charged has been dismissed").

burden of proof." (Doc. No. 10 at 6) (collecting cases). Petitioner's fifth objection is rendered moot by this court ordering that Petitioner be provided such a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations (ECF No. 9);

2. The petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:

a. Within fourteen (14) days from the date of entry of this amended order, Respondents are ORDERED to provide Petitioner Rodylaidi Martinez Rodriguez (A-244-513-087) a bond hearing before an immigration judge at which the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

3. Petitioner's motion to supplement objections (Doc. No. 11) and renewed motion for expedited resolution (Doc. No. 12) are DENIED as having been rendered moot by this order;

4. Respondents' motion for order modification (Doc. No. 15) is GRANTED;

5. The Clerk of the Court is directed to serve this amended order on the Central Valley Annex Detention Center; and

/////

/////

/////

/////

/////

/////

6. This case shall remain closed.

IT IS SO ORDERED.

Dated: **October 6, 2026**

Dena Coggins
United States District Judge